BERNSTEIN v. ANGELETTY.

[88 South. 273, No. 21796.]

EVIDENCE. *Plans and specifications under building contract admissible, though not signed.*

Where the contract is to build according to certain plans and specifications, and the building is constructed under them, as originally drawn or as modified, they are admissible in evidence in a suit by the contractor against the owner to recover a balance due on the contract, even though not signed by the parties for identification purposes, as stipulated in the contract; acting under them being a waiver of signing.

APPEAL from circuit court of Adams county.
HON. R. L. CORBAN, Judge.

Action by E. C. Angeletty against A. H. Bernstein. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Engle & Laub,* for appellant.

The court erred in not permitting this Exhibit A which consisted of the Bost plans and specifications according to which the building was to be built to be introduced in evidence and go before the Jury.

The statement in the agreement signed by both the parties that these plans and specifications were also signed for identification was merely for identification purposes and the mere oversight of the parties in signing same was no reason to prevent same from being introduced as an exhibit and placed before the jury.

, This is particularly true when the plans were identified by the witness as being absolutely and the only plan drawn by Mr. Bost. There could, therefore, be no mistake as to these plans. Had there been any question of mistake as to these plans the appellee would have readily had Mr. Bost testify. whether he had drawn up more than one set of

plans for a stable for Bernstein.   Mr. Bost is a resident of Natchez, Mississippi.

The statement that the plans were signed was merely for identification purposes and the fact that the parties overlooked signing same should not prevent the introduction of these plans when they can be otherwise identified. This court should know that the plans and specifications are not only referred to as being the plans which the parties had signed but are referred to as being the plans for said stable drawn by R. E. Bost and when there is testimony, as there is in this case, that there was but one set of plans drawn by Mr. Bost for the stable, then the identification is complete.

We therefore submit that it was gross error to refuse the appellant in this case the right to introduce these plans and specifications and have same read and presented to the jury.

Without these plans and specifications in the case, the appellant was absolutely handicapped in presenting to the jury properly what the appellee had contracted to do and wherein he had failed to carry out his building operation according to the plans and specifications; without the introduction of these plans and specifications the appellant would be absolutely unable to make out his several items wherein the contractor, the appellee, had departed from his contract in failing to comply with the plans and specifications according to which the building was to be built.

A reading of the record in this case by this court must convince your Honor that the refusal of the trial court to permit the introduction of these plans and specifications was error highly prejudicial to the rights of the appellant in the trial of this case.   We therefore submit that for this gross error in the trial of this case that this case should be reversed and that the appellant should be permitted to introduce these plans and specifications before the jury trying same for the reason that they are suffi-

ciently identified as being the plans and specifications in question.

At least they should be allowed to go before the jury under proper instruction if there is any question that they are not the identical plans and specifications referred to.

*Ratcliff & Kennedy,* for appellee.

It was not error for the court to exclude the original plans and specifications, unsigned, from the consideration of the jury, because the contract between the parties stated that the plans and specifications by which the barn was to be built was to be signed by the parties, and appellee testified, and the plans showed upon their face, that they had not been signed. Appellee gave as the reason therefor that certain things thereon named had to be marked out or cut out before he would sign them. However, appellant got the entire benefit of the provisions of the plans and specifications because when the court sustained the objection as to the introduction as to the plans and specifications, but stated: "I will let the witness state what the agreement was;" then counsel took the plans and specifications, and item by item read to the witness, and asked whether or not that particular work was done, and the witness thereby testified as to each particular item in the original plans, to the same effect and with the same benefit as if the writing itself had been introduced.

So, briefly, the answer to the first assignment of error as to the exclusion of the plans and specifications from the consideration of the jury is: First: They were not admissible because not identified according to the contract between the parties, and were unsigned. Second: Because the evidence showed that the barn was not to be built according to the original specifications but that the same had been changed by the parties in order to reduce the cost price. Third: The appellant received the benefit of each provision in the original plans by reading from those plans to the witness the several requirements and

asking if each work complied therewith. Fourth: The appellant accepted the work; went into occupation of the barn; paid all the contract price except ninety-eight dollars, and never objected to any items until suit for the balance due on the purchase price.

HOLDEN, J., delivered the opinion of the court.

The appellee, Angeletty, sued the appellant, Bernstein, for ninety-eight dollars as a balance due appellee for the building of a barn. Bernstein defended on the ground that Angeletty was due him more than the amount sued for, on account of the failure of Angeletty to build the barn according to the contract. Bernstein appeals from the judgment against him.

The appellee, Angeletty, plaintiff below, testified at the trial that he contracted to build the barn for five thousand dollars, and that he had constructed the building according to the contract, and Bernstein was due him a balance of ninety-eight dollars. He further testified on cross-examination that Mr. Bost, an architect, had drawn the plans and specifications for the building, but that he had not signed the plans and specifications, as they had been modified and changed by agreement between him and Bernstein.

The appellant, Bernstein, testified that the building was to be constructed according to the said plans and specifications of Architect Bost, for the sum of five thousand dollars; that the contract was in writing, which he introduced in evidence, and reads in part as follows:

"Witnesseth, that the said contractor agrees to furnish all necessary materials with the exception of electric wiring and plumbing and to do all work required to build a brick stable on the north side of Main street, Natchez, Mississippi, owned by said Bernstein, the said work to be done in a workmanlike manner as soon as possible after this date and the said work and material will be strictly according to plans and specifications for said stable

drawn by R. E. Bost and here referred to and which said plans and specifications have been signed by the parties hereto for identification."

"The price of said work completed to be the sum of five thousand ($5,000) dollars. Payment to be made to said contractor as follows," etc.

This contract was signed by both parties, but the plans and specifications mentioned therein, which were said to be signed by both parties for the purpose of identification, were never signed by either party. Appellant, Bernstein, testified that the appellee, Angeletty, had failed in many respects to comply with the contract according to the plans and specifications, which resulted in damage to Bernstein in a sum greater than the amount sued for by plaintiff. Bernstein offered the plans and specifications in evidence, but upon objection by plaintiff the court refused to allow their introduction, and this action of the court is assigned for reversal.

It seems that the lower court refused to permit the introduction of the plans and specifications because they had not been signed, for identification purposes, by the parties. It appears, however, from the testimony of the appellant, and the written contract between the parties introduced in evidence, that the plans and specifications drawn by Architect Bost are the plans and specifications mentioned in the written contract, and that the building was constructed according to them; whether the construction was to be according to the original plans as testified by Bernstein, or whether the construction of the building was to be by the modified plans as testified to by Angeletty, was a question of fact about which there was a conflict in the testimony, and should have been determined by the jury. Therefore we think the court erred in not permitting the introduction of the plans and specifications in evidence.

The appellee, Angeletty, could recover only upon his written contract; and, while he attempted to recover on an oral contract, there being no objection by defendant.

vet when the written contract was introduced by Bernstein, which showed the terms of the contract, and that the construction of the building was to be according to the plans and specifications of Architect Bost, then the appellant Bernstein should have been permitted to introduce the plans and specifications in making out his defense so that he might be enabled to show the jury where in the appellee Angeletty, had failed to comply with the contract. Acting under the plans and specifications amounted to a waiver, and made them admissible in evidence, because the plans and specifications were part of the contract, and the building was constructed according to them, either as originally drawn or as modified. They were the only plans and specifications ever in existence, according to the record, and were very material evidence to the defense.

The judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*